IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 22, 2025 at Knoxville

**STATE OF TENNESSEE v. KELLY RAY TURNBOW**

**Appeal from the Circuit Court for Carroll County**
**No. 2021-CR-74    Bruce I. Griffey, Judge**

_____

**No. W2024-01363-CCA-R3-CD**

_____

The Defendant, Kelly Ray Turnbow, appeals from the Carroll County Circuit Court's probation revocation of his three-year sentence.  The Defendant contends that the trial court erred by (1) finding he violated the terms of his probation based on conduct not alleged in the probation violation warrant and (2) failing to articulate its reasoning to support the full revocation of his probation.  We reverse the judgment of the trial court and remand this case for additional findings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and STEVEN W. SWORD, JJ., joined.

Tas Gardner, District Public Defender; Raven Prean-Morris (on appeal), Assistant Public Defender – Appellate Division; and Timothy D. Nanney (at revocation hearing), Assistant Public Defender, for the appellant, Kelly Ray Turnbow.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Neil Thompson, District Attorney General; James B. Webb and Michael Thorne, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On September 23, 2022, the Defendant pleaded guilty in the Carroll County Circuit Court to theft of property and received a three-year sentence suspended to supervised

probation after service of thirty days in confinement. A transcript of the guilty plea hearing was not included in the appellate record.[1]

A probation violation report was filed and alleged that the Defendant violated rule one of his probation conditions by failing to "obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances" when he was arrested in Weakley County for drug-related offenses. The report also said that the Defendant had failed to contact his probation officer to complete his scheduled annual reassessment, that probation officers were unable to locate the Defendant for a home visit, and that the Defendant had never made a restitution payment.[2] An arrest warrant was issued on April 4, 2024, stating that the Defendant violated rule one. No other probation condition violations were listed on the warrant.

At the probation revocation hearing, probation officer Preston Pettigrew testified that he filed a violation report when the Defendant was arrested for offenses in Weakley County, which constituted a rule one violation, and noted that the Defendant had not made any payments toward court costs or restitution. Mr. Pettigrew stated that the Defendant had health and transportation issues, that the Defendant missed a home visit, but that the Defendant had "always eventually gotten in contact." Mr. Pettigrew said that the Defendant did not report his arrest.

On cross-examination, Mr. Pettigrew testified that the Defendant last reported to him on February 12, 2024, before the Defendant was arrested in March. Mr. Pettigrew confirmed that the Defendant never failed a drug screen and that the Defendant suffered from heart failure, which required frequent medical visits. After inquiry by the trial court, Mr. Pettigrew confirmed that, on February 14, the Defendant failed to report by telephone for an annual reassessment and that, on March 6, the Defendant was not present for a home visit. Mr. Pettigrew did not know whether the Defendant was in the hospital on those days and said that the Defendant had never provided any documentation regarding hospitalizations.

The Defendant testified that he was in a Shelbyville hospital receiving treatment for a chest infection and heart condition at the time he was supposed to telephone Mr. Pettigrew to complete the reassessment and that his fiancée had telephoned Mr. Pettigrew regarding

---

[1] *See* T.R.A.P. 24(b); *see also State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983) (The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal, which includes the obligation to have a transcript of the evidence or proceedings prepared.); *State v. Stack*, 682 S.W.3d 866, 876 (Tenn. Crim. App. 2023).

[2] The Carroll County Circuit Court ordered the Defendant to pay restitution in the amount of $12,000. The violation of probation report showed a total unpaid balance of $12,751.50.

the Defendant's situation. The Defendant stated that he had "paperwork" at the jail documenting his hospitalization, that he could provide the information to Mr. Pettigrew, and that he contacted Mr. Pettigrew after he was released from the hospital on March 16, 2024. The Defendant confirmed that he had not made any payments toward restitution, that he had filed a disability claim because of his heart condition, and that he was still waiting for his doctor to schedule a stent procedure.

On cross-examination, the Defendant testified that he was scheduled to appear in the Weakley County court on September 10, 2024, and had received an offer of dismissal. The Defendant stated that he already had a preliminary hearing in general sessions court and that his case was bound over to circuit court. In response to questions from the trial court, the Defendant stated that he had been too sick to work and that he had not been employed since pleading guilty in 2022. The Defendant explained that his current charges in Weakley County resulted from his being at his brother's home when the police raided it and found contraband.

The trial court noted the Defendant's prior convictions for felony vandalism, possession of cocaine, failure to appear, assault, and driving with a suspended license. The court noted the absence of medical documentation to corroborate the Defendant's testimony. The court found that the Defendant's testimony regarding his failure to report and his inability to work and to pay any restitution was not credible, and the court was not persuaded by the Defendant's testimony as to the seriousness of his medical conditions. The court concluded "by a preponderance of the evidence that [the Defendant] has violated the conditions of probation." The court made no specific finding about the violation of rule one. The court revoked the Defendant's probation and concluded that full revocation was the appropriate disposition in this case. The court filed an order stating that the Defendant was found to be in violation of rule one of the terms of his probation relating to his arrest in Weakley County. This appeal followed.

The Defendant argues that the trial court abused its discretion by (1) finding he violated the terms of his probation based on conduct not alleged in the probation violation warrant and (2) failing to articulate its reasoning for ordering full revocation of his probation. According to the Defendant, the violation of probation report and arrest warrant only gave notice of the rule one violation relating to the Defendant's arrest for the Weakley County offenses. The Defendant argues that failure to provide him with notice that the State sought a probation violation for failure to report and failure to pay restitution constituted a violation of due process. The Defendant also argues that the court erred by failing to articulate any findings to justify revoking the defendant's probation as required by our supreme court in *State v. Dagnan*. 641 S.W.3d 751, 759 (Tenn. 2022). The State contends that the Defendant waived his due process claim because it was raised for the first time on appeal and that the Defendant cannot meet his burden of establishing, as a matter of plain error, that he is entitled to relief. Furthermore, the State asserts that the court did

not abuse its discretion.

"On appeal from a trial court's decision revoking a defendant's probation, the standard of review is abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *Id.* at 759. An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

When a trial court determines that a defendant's probation must be revoked, the court must then decide upon an appropriate consequence. *Dagnan*, 641 S.W.3d at 757. A separate hearing is not required, but the court must address the issue on the record in order for its decision to be afforded the abuse of discretion with a presumption of reasonableness standard on appeal. *Id.* at 757-58. "It is not necessary for the trial court's findings to be particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *Id.* at 759 (citation omitted). Factors to be considered by a trial court upon revocation include a defendant's sincerity and amenability to rehabilitation. *Id.* at 758 (citation omitted).

"When presented with a case in which the trial court failed to place its reasoning for a revocation decision on the record, the appellate court may conduct a de novo review if the record is sufficiently developed . . . or remand the case to the trial court to make such findings." *Dagnan*, 641 S.W.3d at 759 (citation omitted). Principles of due process also require proper notice of the allegations that are a basis to revoke probation. *See State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). In the present case, the court's oral findings addressed probation violation allegations regarding the Defendant's failure to report and failure to pay restitution, allegations which were not alleged in the affidavit of the violation of probation warrant but were listed in the probation violation report. The court's written order, on the contrary, addressed only the Defendant's violation of rule one, relating to the Defendant's charges in Weakley County. The court made no oral findings regarding the Defendant's charges in Weakley County, which was the only violation listed in the violation of probation warrant and in the court's written order. Also, the court failed to state on the record the factors it considered when ordering full revocation of the Defendant's probation for the technical violations of failing to report and pay restitution. *See* T.C.A. § 40-35-311 (Supp. 2024). Although "[i]t is not necessary for the trial court's findings to be particularly lengthy or detailed," they must be "sufficient for the appellate court to conduct a

-4-

meaningful review of the revocation decision." *Dagnan*, 641 S.W.3d at 759. Accordingly, the record in this case is inadequate to facilitate a meaningful appellate review. In accordance with the *Dagnan* decision, we remand this case to the trial court to make sufficient findings regarding the basis of the revocation and the appropriate consequence for the revocation. *Id.* at 758-59.

In consideration of the foregoing and the record as a whole, this case is remanded to the trial court for such further proceedings as may be consistent with this opinion.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE